**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ATHIYA MERRE LAUDAT,

      Plaintiff,

v.                                                                    Case No. 8:24-cv-2576-TPB-SPF

DEPARTMENT OF REVENUE, et al.,

      Defendants.

_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte* on Plaintiff Athiya Merre Laudat's complaint filed on November 4, 2024. (Doc. 1). Plaintiff filed this suit against the Florida Department of Revenue, two state court judges for the Seventh Judicial Circuit Court of Florida, and a circuit court hearing officer. Plaintiff essentially challenges what she contends is the unlawful enforcement of administrative child support orders thorough wage garnishment and the suspension of her driver's license in state court proceedings. Because Plaintiff is proceeding *pro se*, the Court more liberally construes the pleadings. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).

### *Subject Matter Jurisdiction*

Plaintiff's complaint suffers from a number of critical defects. First, the complaint appears to take issue with state court rulings, orders, and judgments related to child support obligations. Her claims are therefore likely barred by the *Rooker-Feldman* doctrine because she essentially seeks review of state court

proceedings and rulings by a federal court.  Federal courts are not the appropriate court for the appeal of state court decisions.  "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted).  This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia*, 154 F. App'x 127, 128 (11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)).

This jurisdictional bar also extends to Plaintiff's federal claims that the Florida Department of Revenue and other persons and entities violated her constitutional rights by obtaining orders to garnish her wages and suspend her driver's license.  *See Brown v. Coffin*, 766 F. App'x 929, 932 (11th Cir. 2019) (holding that district court properly *sua sponte* dismissed action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine where allegations of constitutional violations were inextricably intertwined with underlying state court dispute concerning child support obligations); *Royster v. Florida Department of Revenue*, No. 8:23-cv-614-CEH-AEP, 2023 WL 6882344, at *3 (M.D. Fla. Sept. 13, 2023) (recommending dismissal of the plaintiff's claims, including those against state agencies, based on the state court child support enforcement proceedings), *report and recommendation adopted*, 2023 WL 6878992, at *1 (M.D. Fla. Oct. 18, 2023) (dismissing case).

Second, to the extent that Plaintiff is asking the Court to intervene in any ongoing state court proceeding, the Court would abstain from doing so under the *Younger* abstention doctrine.  Under the *Younger* abstention doctrine, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding."  *See Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Upon consideration of these factors, the Court finds that abstention is warranted to the extent that any of the state court proceedings referenced in the complaint remain active and pending.

### Claims Against Judges and Hearing Officer

As the Eleventh Circuit explained:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' " *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable. *Id.* at 1242. "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020).  Importantly, "judicial immunity is an immunity from suit, not just from

ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge Upchurch, Judge Warren, and Hearing Officer Coffman are each entitled to absolute immunity. *See, e.g., McCree*, 2020 WL 2632329, at 1-2 (holding that judge was entitled to absolute judicial immunity from injunctive relief and money damages where plaintiff alleged that judge violated his constitutional rights by arbitrarily denying motion); *Bolin*, 225 F.3d at 1239-40 (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is clearly absent); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judge will not be deprived of immunity even if action was in error, done maliciously, or in excess of his authority, and he is only subject to liability in the clear absence of all jurisdiction); *Austin v. McCann*, No. 22-12157, 2023 WL 3335312, at *2-3 (11th Cir. May 10, 2023) (holding that hearing officer appointed by the chief judge of the judicial circuit was entitled to absolute judicial immunity); *Hutcheson v. Campbell*, No. 8:23-cv-105-TPB-SPF, 2023 WL 2352845, at *3-4 (M.D. Fla. Feb. 13, 2023) (holding that state court child support hearing officer was entitled to absolute quasi-judicial immunity), *report and recommendation adopted*, 2023 WL 2351691, at *1 (M.D. Fla. Mar. 3, 2023) (dismissing case).

Because Plaintiff's allegations emanate from actions taken by these judges and the hearing officer in their official judicial capacities during proceedings over

which they had jurisdiction, the judges and the hearing officer are absolutely immune from civil liability.

### Sovereign Citizen

The Court notes that the complaint and accompanying affidavit are replete with "the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement." *See Sealey v. Branch Banking and Trust Co.*, Case No.: 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). The arguments and legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars." *See Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) (citing *Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016)). **Plaintiff is warned that if she continues to file cases including frivolous arguments of this nature in this Court, she may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or injunctive relief directing the Clerk to not accept future filings by Plaintiff without first obtaining prior leave of the Court.**

### No Amendment Permitted

For all of the different reasons discussed above, this action is dismissed. Courts possess authority to *sua sponte* dismiss an action but are generally required to provide a plaintiff with notice of the intent to dismiss and give them an opportunity to respond. *See Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1

(11th Cir. July 30, 2021) (citing *Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir. 2011)).  "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Id.* (citing *Tazoe,* 631 F.3d at 1336).  Because amendment would be futile, the case is dismissed without leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's claims against the Florida Department of Revenue are

**DISMISSED WITHOUT PREJUDICE** for lack of subject matter

jurisdiction.

(2) Plaintiff's claims against Judge Upchurch, Judge Warren, and Hearing

Officer Coffman are **DISMISSED WITH PREJUDICE** based on absolute

immunity.

(3) The Clerk is directed to terminate any pending motions and deadlines,

and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of November, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE